☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>Four electronic devices recovered from 4251<br>W. Roosevelt Dr. in Milwaukee, Wisconsin | )<br>)<br>)<br>)  Case No. 24-925M(NJ)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 10/7/2024_____ *(not to exceed 14 days)*
☐  in the daytime 6:00 a.m. to 10:00 p.m.      xx☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____ .
*(United States Magistrate Judge)*

☑  Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑  for _30_ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued 9/23/2024 @ 9:37 a.m.: _____     *Nancy Joseph (signature)*
*Judge's signature*

City and state:        Milwaukee, WI _____     Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The property to be searched is further described as follows:

a.   a HP laptop computer (ATF Evidence Inv. #26);

b.   an Apple iPhone cellular phone (ATF Evidence Inv. #27);

c.   a Samsung cellular phone (ATF Evidence Inv. #40); and

d.   a purple Apple iPhone cellular phone (ATF Evidence Inv. #42).

All of these devices are currently in evidence at the ATF Milwaukee Field office. This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

15

**ATTACHMENT B**

**Particular Things to be Seized**

1.     All records on the Devices described in Attachment A that relate to violations of 19 U.S.C. § 371 (Conspiracy Against the United States); 18 U.S.C. § 545 – Smuggling Goods into the United States; 18 U.S.C. § 922(a)(1)(A) – Unlicensed Importation of a Firearm in Foreign Commerce; and 18 U.S.C. § 922(o) – Possession of a Machinegun involving ERRION HUGHES and/or other co-conspirators, stored on the Devices, to include:

    a.  any information related to possession of firearms, ammunition, firearm parts, or machinegun conversion devices (including photographs, text messages, emails, or any other communication information);

    b.  any information related to the shipment or importation of firearms, ammunition, or machinegun conversion devices;

    c.  any web search information related to the offenses described above;

    d.  any documentation or correspondence related to firearms, firearm transactions, firearm parts, large sums of money and/or co-conspirators and paperwork showing the purchase, storage, disposition, or dominion and control over any illegal firearms, illegal firearm parts, and machinegun conversion kits.

    e.  any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

    f.  all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br><br>Four electronic devices recovered from 4251<br>W. Roosevelt Dr. in Milwaukee, Wisconsin | )<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 24-925M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❏ contraband, fruits of crime, or other items illegally possessed;

❏ property designed for use, intended for use, or used in committing a crime;

❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371; 545; 922(a)(1)(A); and 922(o) | Conspiracy Against the United States; Smuggling of Goods into the United States; Unlicensed Importation of a Firearm in Foreign Commerce; and Possession of a Machinegun |

The application is based on these facts:

Please see Affidavit.

❏ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

MATTHEW MASON   Digitally signed by MATTHEW MASON
Date: 2024.09.19 14:37:58 -05'00'

*Applicant's signature*

ATF Special Agent Matthew Mason

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 9/23/2024

*Judge's signature*

City and state:   Milwaukee, Wisconsin

Honorable Nancy Joseph, United States Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEACH WARRANT

I, Matthew Mason, being first duly sworn on oath, on information and belief state:

## INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property, a residential dwelling, a vehicle and a person, and the extraction of evidence from those locations and that person described in Attachment B.

2.      I am a Special Agent with the federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since 2015.  Before that time, I was a police officer with the Calumet City Police Department from 2003 until 2015. In my capacity as an ATF special agent, I have investigated various federal crimes, including violations of Title 18, United States Code, Section 922, and Title 21, United States Code, Sections 5861(d) and 5861(f).

3.      During my career in law enforcement, I have investigated violations of federal narcotics laws and related violations, including federal firearms offenses. Based on my training, experience, and participation in firearms and drug trafficking investigations, I am familiar with the appearance and street names of various drugs, including marijuana, methamphetamine, heroin, cocaine, cocaine base (crack cocaine), and ecstasy. I am also familiar with the appearance and street names for firearms and firearm accessories, including machine-gun conversion devices, also known as "switches."   I know that firearm traffickers often use various communication devices to conduct trafficking operations, and that traffickers often communicate on cell phones using text messages and direct connect cell phone capabilities. I know that firearms traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control: firearms; ammunition; and records or receipts pertaining to such.

4.	The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other investigators and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not set forth all of my knowledge about this matter.

5.	Based upon the evidence gathered to date, I submit that there is probable cause to believe that ERRION HUGHES (DOB XX/XX/2003) has committed the following violations: 18 U.S.C. § 371 (Conspiracy Against the United States); 18 U.S.C. § 545 – Smuggling Goods into the United States; 18 U.S.C. § 922(a)(1)(A) – Unlicensed Importation of a Firearm in Foreign Commerce; and 18 U.S.C. § 922(o) – Possession of a Machinegun.  I further submit that there is probable cause that evidence of these criminal violations will be found at within the electronic devices to be searched, as further described below and in Attachment A.

## PROPERTY TO BE SEARCHED

6.	This warrant seeks authority to search the following electronic devices, more fully described in Attachment A, and to seize the evidence described in Attachment B:

a.	a HP laptop computer (ATF Evidence Inv. #26);

b.	an Apple iPhone cellular phone (ATF Evidence Inv. #27);

c.	a Samsung cellular phone (ATF Evidence Inv. #40); and

d.	a purple Apple iPhone cellular phone (ATF Evidence Inv. #42).

This property is collectively referred to as the "DEVICES."  All of these items are in evidence at the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Milwaukee Field Office.

2

## PROBABLE CAUSE

7. On 07/08/2024, ATF Special Agent ("SA") Matthew Mason received information in reference to the importation of illegal machine gun conversion devices (MCD), which convert semi-automatic firearms into fully automatic firearms.

8. On 07/08/2024, ATF SA Matthew Mason was contacted by Homeland Security Investigations (HSI) Special Agent Roy regarding a package intercepted from China which was in transit to 4251 W. Roosevelt Dr. Milwaukee, Wisconsin 53216 (the PREMISES).

9. SA Mason learned that on 06/18/2024, a shipment was referred for an enforcement inspection. The shipment documents showed that it was manifested as or claimed to contain "BUILDING BLOCKS TO BUILD RACE CARS," and had a declared value of $10.00. Upon inspection on 07/03/2024, fifteen (15) machine-gun conversion devices (MCD) or "Glock switches" and three (3) AR-15 drop in auto sears (also MCD) were found concealed within a children's toy set. All of these items would be classified as a machine gun. Based on the findings, the shipment was detained. The package originated in Shenzhen, China, and had the shipper listed as ELEANOR SIMPSON BLOCK 4 SONGBAI ROAD MATIAN STREET CHINA(MAINLAND). The parcel was in route to Milwaukee, Wisconsin, addressed to "Cash Money" at the address of 4251 W. Roosevelt Dr. Milwaukee, Wisconsin 53216 (the PREMISES).

10. A search of U.S. Customs databases revealed that within the last year, approximately nine (9) parcels from Chinese shippers have been delivered to 4251 W. Roosevelt Dr. (the PREMISES) and addressed to "Cash Money" and an additional eight (8) parcels from China have been shipped to "Eric HUGHES" at the same address. Additionally, on or about 06/26/2024, a parcel shipped from China to "Cash Money" had an associated phone number of (414) 797-8024. A check of the publicly viewable site Cash App revealed the telephone number

3

(414) 797-8024 associated to Tawana BROWN and the profile picture matched the likeness and appearance of Tawana M. BROWN (DOB: XX/XX/1978). A search of the CLEAR database revealed the number associated to "E HUGHES in Milwaukee, Wisconsin".

11. Furthermore, on or about 09/18/2023, a parcel shipped from China to Eric HUGHES at the PREMISES had an associated telephone number of (414) 676-0668. A check of the publicly viewable site Cash App revealed the phone number associated to username "Problem Child" and the profile picture matched the likeness and appearance of Eric J. HUGHES (DOB: XX/XX/1993). A check of the CLEAR database shows the number (414) 676-0668 associated to Eric HUGHES and the address of the PREMISES.

12. On 06/22/2024 and 06/24/2024, respectively, two packages were delivered to "Eric HUGHES" at the PREMISES with a sender name of HANGZHOU AIYOUWEI SUPPLY CHAIN MANA. Both packages manifested as a "Radiator". U.S. Customs records shows fourteen (14) seizures in the United States all in June 2024, between June 9, 2024, and June 24, 2024, from that same shipper, HANGZHOU AIYOUWEI SUPPLY CHAIN MANA. All of the packages seized during that date range from that shipper contained Glock switches.

13. On 12/04/2023, "Eric HUGHES" received one package at the PREMISES from SHENZEN SHUNYOU CIRCULATION OF MAT. That package was manifested as a "Lever". U.S. Customs records show firearms related seizures (amongst other things, including Rolex watches, etc.) related to that shipper, SHENZEN SHUNYOU CIRCULATION OF MAT. For example, the following packages from that same shipper were seized in the United States on the following dates: on 04/11/2024, a Glock switch was seized from that shipper; on 02/12/2024, a handgun frame was seized; and on 03/28/2024, a firearm suppressor was seized; all sent from SHENZEN SHUNYOU CIRCULATION OF MAT.

14.     A review of law enforcement records indicates "Cash Money" has received eight (8) parcels delivered to the PREMISES and shipped from or originating in Shenzhen, China, and one (1) additional parcel and originating in Guangzhoushi, China. The package from Guangzhoushi was delivered to the PREMISES on or about 06/26/2023. The additional eight parcels from Shenzhen were delivered to the PREMISES between approximately 10/28/2023 and 06/28/2024.

15.     Similarly, the same records indicate "Eric HUGHES" has received eight (8) parcels at the Roosevelt Drive address of which three (3) parcels originated in Shenzhen, China. These parcels were delivered to the PREMISES between approximately 08/13/2023 and 06/24/2024.

16.     In checking Milwaukee Police Department records, Eric Hughes was issued a traffic citation in February 2024. In this interaction, Eric Hughes provided police the address of 4251 W. Roosevelt Dr. Milwaukee, Wisconsin 53216.

17.     According to Wisconsin Department of Transportation records, Eric Hughes listed current address 4251 W. Roosevelt Dr. Milwaukee, Wisconsin 53216.

18.     During physical surveillance on 07/08/2024, an HSI Special Agent observed a male, matching the likeness, appearance, and physical description of Eric Hughes look out the window near the front door entrance for the PREMISES.

19.     Eric Hughes is prohibited from possessing firearms, ammunition, and NFA items due to him being a person previously convicted of a felony offense. More specifically, Eric Hughes has a felony conviction, in Milwaukee County Circuit Court under case number 2017CF000509, for Burglary-Building or Dwelling. To date, that felony conviction remains of record and unreversed.

5

20. On 07/11/2024, ATF SA Matthew Mason obtained a federal search warrant for the residence located at 4251 W. Roosevelt Dr. Milwaukee, Wisconsin. The warrant, under case number 24-MJ-155, was granted and signed by the Honorable U.S. Magistrate Judge William E. Duffin.

21. On 07/12/2024, SA Mason, assisting ATF Agents, assisting HSI Agents, and other assisting law enforcement personnel briefed the case and operation. Law enforcement then traveled to the residence and began physical surveillance of the structure. After a controlled delivery of an intercepted parcel, which previously contained a total of eighteen (18) machine gun conversion devices, law enforcement surrounded the structure and began to knock and announce "Police, search warrant, open the door".

22. While knocking, perimeter units advised that a male was observed looking out the rear upper window. After receiving no response at the front door, the door was manually breached. Upon entry, Tawana BROWN and a minor child appeared from the upper level. A second minor child appeared from the rear of the main floor shortly after and all three subjects were directed out the front door. Two other minor children were directed down from the upper level and escorted outside through the front door. A female, now known as Treanya BANKS, and ERRION HUGHES then appeared at the top of the stairs and were directed out to the front of the residence. Eric HUGHES was not in the residence at the time of the search warrant execution. ERRION HUGHES is Eric Hughes' brother and Tawana Brown is ERRION HUGHES' mother. ERRION HUGHES will hereinafter be referred as "HUGHES."

23. During the execution of the search warrant several items of investigative interest were recovered. In an upper bedroom, (identified as room G and confirmed to be the bedroom of HUGHES) officers recovered four boxes labeled as containing "metal models" (ATF Evidence

6

Inv. #23) and two boxes labeled as containing "metal models" (ATF #24). The previously mentions six boxes were similar to the boxes found in the intercepted parcels and the later controlled delivered parcel. On the bed was the box involved in the controlled delivery parcel (ATF #25). The box had been ripped open and the contents (small metal pieces) were observed on the floor as well as in and around the toilet on the upper level. An HP laptop computer (ATF #26) was recovered from on top of a grey bin in the bedroom. Also on the bed, was an Apple iPhone (ATF #27) which was identified by ERRION HUGHES as his device.

24. Also recovered from the bedroom of HUGHES (room G) was an AR-style upper receiver with a brass catcher and an un-milled lower receiver (ATF Evidence Inv. #30), one 5.56 ammunition magazine (ATF #31), and seven live/unfired 5.56 ammunition cartridges from item #31 (ATF #32). From a black reebok bag in the closet of room G was recovered a P80 jig (ATF #33). Between the mattresses of the bed was recovered a Smith and Wesson, model M&P 15-22, .22 caliber rifle with serial number LBA1511 (ATF #34). Also from room G was a blue Apple iPhone (ATF #35), twenty-three live/unfired .40 caliber ammunition cartridges (ATF Evidence Inv. #36), fifteen live/unfired 9mm ammunition cartridges (ATF #37), and six live/unfired .40 caliber ammunition cartridges (ATF #38).

25. Recovered from a shelf above the bed in room G was a Glock switch type machine gun conversion device (ATF #39), a grey Samsung cellular phone (ATF #40), a cracked white Apple iPhone (ATF #41), a purple iPhone (ATF #42), and a broken red Apple iPhone (ATF #43).

26. A bag recovered from under the bed in room G was found to contain numerous firearm parts to include three unfinished lower receivers (ATF #44).

27. While assisting law enforcement personnel were concluding the search warrant execution, SA Mason and SA Roy conducted a non-custodial and mirandized interview of

HUGHES.  The interview was conducted in an unmarked law enforcement vehicle outside of 4251 W. Roosevelt Dr. Milwaukee, Wisconsin and HUGHES was not restrained/handcuffed and he was advised that he was not under arrest.

28.     SA Mason and SA Roy identified themselves with their government issued credentials.  SA Mason then provided HUGHES his constitutional rights/ Miranda warnings from a preprinted card.  HUGHES verbally acknowledged that he understood and waived his rights, and he was willing to speak to agents.

29.     HUGHES initially related that he did not know "Cash Money", whom the controlled delivery parcel was addressed to.  He was informed that the parcel he opened had originally also contained machine-gun parts and "Glock switches".  He stated that he knows what "Glock switches" are and that they are illegal.

30.     HUGHES, while initially denying the identity of "Cash Money", stated "Cash Money" is "Deontae SPAN".  SPAN was described as a male black, 5'09", 165 lbs., and 20 years of age. HUGHES knows SPAN from school at "Tech".

31.     HUGHES reported that SPAN places orders from China and sends a link to HUGHES.  He stated that he was promised money in return for ordering the packages and these transactions began months ago.  SPAN usually meets HUGHES, takes control or the packages, removes some items, and gives HUGHES back the remainer of the items (usually toy parts for building).

32.     When asked about pieces of the controlled delivery parcel being found by the toilet, HUGHES stated that upon hearing and observing law enforcement presence he tried to get rid of evidence.  HUGHES stated that he did not know exactly what was in the package but knew it was something illegal.

8

33.     When asked about the process of ordering the items from China, HUGHES stated that he goes on a phone application similar to Temu.  HUGHES gets a link from SPAN, proceeds to the "check out", and pays for the items with his personal Cash App card.  SPAN pays HUGHES in cash for the exact amount of the shipment and HUGHES has at times received $50 over the shipment cost as payment.  HUGHES stated this process has been repeated approximately four or five times.  HUGHES related he tells SPAN items have arrived and the two meet two to three days later to exchange the parcel(s).

34.     HUGHES stated that SPAN sells the product in Chicago.  This order (intercepted and controlled delivery parcel) was approximately $500, and SPAN provided HUGHES $200 to load onto HUGHES' Cash App card prior to the order.

35.     HUGHES provided that the application used to order the switches from China was "DH Gate".  For the intercepted parcel, SPAN sent the link to HUGHES, but later asked HUGHES to add more items to the order and to place a big order up to $500 and SPAN provided cash to HUGHES to facilitate the larger purchase.  HUGHES related that SPAN typically pays HUGHES back for the order once HUGHES places the order.  HUGHES stated that each item (switch) added was approximately $25.

36.     Based on the evidence recovered and admission of HUGHES placing the orders, from outside the country, on his cellular phone (ATF #27), the affiant believes evidence of federal firearm importation violations and violations of federal firearms laws will be found through the search of electronic devices possessed by HUGHES.

**TECHNICAL TERMS**

37.     Based on my training and experience, I use the following technical terms to convey the following meanings:

9

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

10

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

11

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

38. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that the electronic Devices described above have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

12

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

39.     Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the ATF, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Devices.  This information can sometimes be recovered with forensics tools.

40.     *Forensic evidence*.  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

41.     *Nature of examination*.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

42.     *Manner of execution*.  Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

43.     Based on the facts contained within this affidavit, I believe that probable cause exists to search the Devices, which are more particularly described in Attachment A, and which is currently located at the ATF Milwaukee Field Office, for evidence of the aforementioned crimes,

13

including those related to the shipment, importation, and possession of machinegun conversion

devices, including but not limited to the information contained in Attachment B.

14

## ATTACHMENT A

### Property to Be Searched

The property to be searched is further described as follows:

    a.   a HP laptop computer (ATF Evidence Inv. #26);

    b.   an Apple iPhone cellular phone (ATF Evidence Inv. #27);

    c.   a Samsung cellular phone (ATF Evidence Inv. #40); and

    d.   a purple Apple iPhone cellular phone (ATF Evidence Inv. #42).

All of these devices are currently in evidence at the ATF Milwaukee Field office. This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

15

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

1.  All records on the Devices described in Attachment A that relate to violations of 19 U.S.C. § 371 (Conspiracy Against the United States); 18 U.S.C. § 545 – Smuggling Goods into the United States; 18 U.S.C. § 922(a)(1)(A) – Unlicensed Importation of a Firearm in Foreign Commerce; and 18 U.S.C. § 922(o) – Possession of a Machinegun involving ERRION HUGHES and/or other co-conspirators, stored on the Devices, to include:

   a.  any information related to possession of firearms, ammunition, firearm parts, or machinegun conversion devices (including photographs, text messages, emails, or any other communication information);

   b.  any information related to the shipment or importation of firearms, ammunition, or machinegun conversion devices;

   c.  any web search information related to the offenses described above;

   d.  any documentation or correspondence related to firearms, firearm transactions, firearm parts, large sums of money and/or co-conspirators and paperwork showing the purchase, storage, disposition, or dominion and control over any illegal firearms, illegal firearm parts, and machinegun conversion kits.

   e.  any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   f.  all bank records, checks, credit card bills, account information, and other financial records.

16

2.　　　Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.